UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA,      :
                               :
     v.                        :
                               :      Case No. 2:14-cr-79
MICHAEL ADAMS,                 :
                               :
          Defendant.           :

## Opinion and Order

Defendant Michael Adams moves to suppress all evidence seized from a search of his personal cellular phone on February 12, 2014.  ECF No. 27.  Mr. Adams argues that the warrant authorizing the search was not supported by probable cause, relied on stale information, and was overbroad because it lacked a time frame.  Mr. Adams also argues that the good faith exception cannot save the warrant from these deficiencies.  The Court is not persuaded that any of these arguments have merit. For the reasons set forth below the motion is **denied**.

## I.   Relevant Background[1]

On Friday, January 24, 2014 Mr. Adams was arrested on state charges of Sexual Assault of a Child and Lewd and Lascivious Conduct in connection with acts allegedly involving his stepdaughter, M.M.  Mr. Adams was arraigned in the Vermont

---

[1] The facts described in this section are based on Detective Corporal Rene Berti's affidavit accompanying the application for a warrant.  ECF No. 27-3.

Superior Court, Chittenden Unit, Criminal Division on January 27, 2014 and he pled not guilty to the charges.

On January 28, 2014 Detective Corporal Rene Berti and Detective Chapman of the Chittenden Unit for Special Investigations met with M.M. and M.M.'s mother at their residence.  Throughout the interview M.M. was reminded that it was important to tell the truth.  M.M. told the law enforcement officers that when she was ten years old she found a cell phone belonging to Mr. Adams propped up and recording a video while she was in the bathroom.  She stopped the video, watched it depict Mr. Adams come in with the phone and walk out, and then deleted the video.  When M.M. confronted her stepfather with the phone she said that he looked confused.  Mr. Adams said he had left his cell phone in the bathroom and had just walked away.

M.M. also told Detective Corporal Berti that previously one of the bolts in the shower had been removed and when she looked through the hole she saw that Mr. Adams was behind it.  The hole where the bolt was located opened into a closet near the bathroom.  Her mother confirmed that there was a time when she remembered that the bolt was missing from the drain.  M.M. also described other incidents over the years in which Mr. Adams touched her inappropriately while she appeared to be sleeping, including when Mr. Adams took M.M. to Boston to see a baseball game and once when he took her hunting.

2

In a statement Mr. Adams gave to Detective Corporal Berti on January 24, 2014, Mr. Adams mentioned something to the effect of "I don't know of anytime that I can think of that I've been in the bathroom with her in there."  ECF No. 27-3 at 6.  He made this statement in response to a comment from Detective Corporal Berti to the effect of "[t]hese incidents are isolated to her bed," when they were discussing the possibility of any sexually inappropriate behavior or touching.  *Id.*

M.M.'s mother told Detective Chapman that Mr. Adams had a Verizon Droid phone that he continued to use even though it was considerably older and the contract had expired.  Mr. Adams allegedly had no interest in upgrading his phone.  She also told Detective Chapman that Mr. Adams was "secretive" with it and that he only answered his separate work phone, rather than the Droid, when she called him.  When Detective Corporal Berti and Detective Sergeant Warren originally arrested Mr. Adams, they saw him leave two phones in his work truck at Avonda Air Systems.  Detective Chapman and Detective Corporal Berti went to Avonda Air Systems and seized the Droid.  They brought it to the Chittenden Unit for Special Investigations.

Detective Corporal Berti applied for a search warrant to search the seized Droid.  On February 12, 2014 the requested search warrant was granted by Judge Kevin Griffin.  The government states that the search revealed two videos and

3

numerous thumbnail images of M.M. that had been taken in the bathroom of their residence.  The search also revealed web bookmarks, URL entries, and page titles that related to "teen" pornography and incest.  Mr. Adams moves to suppress the evidence discovered as a result of that search.

Mr. Adams was indicted by a federal grand jury on June 16, 2014 for knowingly possessing child pornography pursuant to 18 U.S.C. § 2252(a)(4).  ECF No. 1.  The grand jury returned the First Superseding Indictment on August 12, 2014, which added one count of production of child pornography pursuant to 18 U.S.C. § 2251(a).  ECF No. 14.

## II.  Discussion

Mr. Adams argues that the facts set out in Detective Corporal Berti's affidavit in support of his application for a search warrant did not provide a sufficient basis to enable the Judge to determine that probable cause existed to search the Droid.  Mr. Adams also argues that, in the absence of clear probable cause, the warrant cannot be sustained under the good faith exception in *United States v. Leon*, 468 U.S. 897 (1984). The Court will address each argument in turn.

### A. Probable Cause

The task of the judicial officer evaluating an application for a warrant is to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit"

4

there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The reviewing court's duty is to ensure that the judicial officer had a "substantial basis" for concluding that probable cause existed.  *Id.* (internal quotation omitted).  The "quanta of proof" necessary to establish probable cause is "only the probability, and not a prima facie showing, of criminal activity." *United States v. Wagner*, 989 F.2d 69, 72 (2d. Cir. 1993) (quoting *Gates*, 462 U.S. at 235).  A reviewing court accords substantial deference to the finding of a judicial officer that probable cause existed.  *Id.*

Contrary to cases cited by Mr. Adams, this case does not involve an anonymous tip or a confidential informant.  Rather M.M. made a statement about her past experiences with Mr. Adams directly to law enforcement.  M.M. described finding the Droid in the bathroom and the missing bolt from the drain.  She was reminded several times to tell the truth and various aspects of her statement were corroborated by her mother.  M.M.'s mother also confirmed that Mr. Adams was "secretive" about his phone and declined to upgrade it even when his contract expired.  Moreover, when interviewed, Mr. Adams denied that any inappropriate conduct had taken place in the bathroom without being asked about anything but inappropriate sexual activity in M.M.'s bedroom.

Based on the totality of the facts described in the affidavit the Court concludes there was a "substantial basis" for concluding that probable cause existed even though M.M. did not describe finding sexually explicit videos of herself on the Droid.  It was entirely possible that Mr. Adams had succeeded in taping or photographing M.M. on another occasion without her noticing, especially in light of the pattern of alleged abuse M.M. described.  Therefore, the Court declines to suppress the evidence for lack of probable cause.

Next, Mr. Adams argues that the information in the affidavit was stale.  The judicial officer reviewing an application for a warrant is required to assess "whether the information adduced in the application appears to be current, *i.e.*, true at the time of the application, or whether instead it has become stale."  *Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).  The law recognizes "no bright-line rule for staleness," instead staleness must be evaluated on a case-by-case basis.  *United States v. Raymonda*, 780 F.3d 105, 114 (2d Cir. 2015) (quoting *Walczyk v. Rio*, 496 F.3d 139, 162 (2d Cir. 2007)).  The two principal factors in assessing whether the supporting facts have become stale are the age of the facts alleged and the nature of the conduct alleged to have violated the law.  *Id.*  Where the affidavit "'establishes a pattern of continuing criminal activity,' such that 'there is reason to

6

believe that the cited activity was probably not a one-time
occurrence,' the passage of time between the last alleged event
and the warrant application is less significant." *Id.* (quoting
*United States v. Wagner*, 989 F.2d 69, 75 (2d Cir. 1993)).

Mr. Adams argues that the fact that he might have put his
phone on video mode while M.M. was in the bathroom at least four
years before the Indictment was issued is not recent enough to
create a finding of probable cause.  While that particular
incident occurred fairly far in the past, M.M.'s mother told the
law enforcement officers interviewing her daughter that Mr.
Adams remained secretive about his phone and continued to
possess the same one that was used in the bathroom.  Moreover
Mr. Adams' pattern of alleged abuse and sexual interest in M.M.
occurred over the course of several years.  These allegations
plausibly support an inference that the incident in the bathroom
of which M.M. was aware was part of an ongoing pattern of
criminal activity and that additional videos or images were
likely to be found on the Droid.

Finally, Mr. Adams argues that the warrant was overbroad
because it lacked a time frame.  The particularity requirement
of the Fourth Amendment has three components: (1) a warrant must
identify the specific offense for which the police have
established probable cause, (2) a warrant must describe the
place to be searched, and (3) the warrant must specify the items

to be seized by their relation to designated crimes. *United States v. Galpin*, 720 F.3d 436, 445-46 (2d Cir. 2013). Here the warrant meets all three of these requirements.

Mr. Adams cites *United States v. Cohan* to argue that warrants that impose too wide of a time frame or fail to include one are constitutionally deficient. 628 F. Supp. 2d 355, 366 (E.D.N.Y. 2009) (collecting cases). However, *Cohan* involved a motion to suppress a search of a dental office. The cases discussed specifically described the seizure of *business* records, not electronic records within a cell phone. Moreover the *Cohan* court noted that even in the context of business records, district courts within the Second Circuit agree that a time frame is relevant but there is no consensus as to when one is required. *Id.*

The challenged evidence in this case does not involve business records, but rather electronically stored child pornography. For the reasons explained above, law enforcement had probable cause to believe that Mr. Adams had child pornography on his cell phone on the date the warrant was issued because he continued to possess the same phone. It does not matter when the child pornography got there. When the contraband at issue is digital images and videos, as was the case here, there is often no way around the fact that many image files will have to be viewed to ensure that no relevant evidence

8

has been missed.  The warrant at issue in this case was not
overbroad simply because it did not constrain the search to a
particular time frame.

**B. Good Faith Exception**

The Court is persuaded that there was a substantial basis
for concluding that probable cause existed, but even if that
were not the case the Court would apply the good faith exception
and would decline to suppress the challenged evidence.
Suppression is not automatic when the Fourth Amendment has been
violated.  In *United States v. Leon* the Supreme Court held that
the exclusionary rule does not apply if the police acted in
"objectively reasonable reliance" on an invalid warrant.  468
U.S. 897, 922 (1984).  There are four circumstances in which the
good-faith exception does not apply: (1) where the issuing judge
has been knowingly misled, (2) where the issuing judge wholly
abandoned his or her judicial role, (3) where the application is
so lacking in indicia of probable cause as to render reliance
upon it unreasonable, and (4) where the warrant is so facially
deficient such as by failing to particularize the place to be
searched or the things to be seized that reliance upon it is
unreasonable.  *United States v. Falso*, 544 F.3d 110, 125 (2d
Cir. 2008).

The officers acted in objectively reasonable reliance on
the warrant and none of the exceptions to the good faith

9

exception apply.  There is no evidence that the judge was misled, that the judge acted as a mere rubber stamp for the police, or that relying on the facts described in the affidavit would be unreasonable.  The affidavit contained a sufficient amount of factual detail and particularity such that the law enforcement officers' reliance was objectively reasonable even if the warrant were somehow deficient.

Accordingly Mr. Adams' motion to suppress is **denied**.

DATED at Burlington, in the District of Vermont, this 25th day of August, 2015.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge